UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLOS OCAMPO,<br>   Plaintiff<br><br>  v.<br><br>ILLINOIS STATE POLICE and ADAM W. ROGERS,<br>   Defendants | No. 24 CV 1926<br><br>Judge Jeremy C. Daniel |

### ORDER

For the reasons set forth in this order, the defendants' motion to dismiss [9] is granted. The plaintiff's claims are dismissed, and the plaintiff's motion for a preliminary injunction [14] is denied as moot. Civil case terminated.

### STATEMENT

*Pro se* plaintiff Carlos Ocampo is a former employee of the Illinois Department of Revenue who disseminated photoshopped images depicting members of the Department dressed as vultures, clowns, witches, and members of the Ku Klux Klan. (R. 1 ¶ 10.) Ocampo was arrested, charged, and convicted with the crime of harassment through electronic communications under 720 ILCS 5/26.5-3(a)(1). (*Id.* ¶ 8.) During his jury trial, Ocampo argued unsuccessfully that he had been arrested without probable cause. *See* (R. 7 (Trial Transcript, *People v. Ocampo*, Case No. 23119102501) at 201–02.)[1] Ocampo was sentenced to two years of supervision on March 6, 2024. (R. 1 at ¶ 9; R. 7 at 239.) He appealed his conviction that same day. (R. 10-2.) The appeal remains pending.

Ocampo filed the instant lawsuit against arresting officer Adam W. Rogers and the Illinois State Police ("ISP") pursuant to 42 U.S.C. § 1983. (*See generally* R. 1.) The complaint alleges that Ocampo was arrested or seized without probable cause and searched without a warrant in violation of the Fourth Amendment. (*Id.* ¶ 6.) Ocampo also alleges that the defendants failed to intervene to prevent his civil rights from being violated and/or conspired to violate his civil rights. (*Id.*)[2] The defendants have

---

[1] The Court may take judicial notice of the state court proceedings as a matter of public record. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 493 (7th Cir. 2011); *Guaranty Bank v. Chubb Corp.*, 538 F.3d 587, 591 (7th Cir. 2008).
[2] Ocampo has also filed a lawsuit in Illinois state court pursuing similar relief. (*See* R. 10-5 (*Ocampo v. Ill. State Police*, Case No. 2023 L 12635).)

moved to dismiss. (R. 9.) Because the ISP is immune from suit under the Eleventh Amendment, and because the plaintiff's claims against Rogers are barred by *Heck v. Humphrey*, 512 U.S. 477, (1994), the Court grants the motion.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain a claim to relief that is plausible on its face, which requires sufficient factual allegations to permit the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Ocampo's claims against the ISP and his claims against Rogers for damages in his official capacity are barred by sovereign immunity. The Eleventh Amendment bars a suit in federal court against a state or its agencies unless the state consents to suit or Congress has abrogated the state's immunity. *Carr v. Ill. State Police*, No. 17 C 413, 2017 WL 5989726, at *3 (N.D. Ill. Dec. 4, 2017), *aff'd*, 758 F. App'x 556 (7th Cir. 2019) (citing *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984)). Because the ISP is an agency of the State of Illinois, it is protected by Eleventh Amendment immunity. *See id.* (citing *Tucker v. Williams*, 682 F.3d 654, 659 (7th Cir. 2012)). Neither Illinois nor the ISP have waived Eleventh Amendment immunity, *see* 745 ILCS 5/1, nor has Congress abrogated immunity for § 1983 claims. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Accordingly, the Court dismisses Carr's § 1983 claims against the ISP and Rogers (to the extent they seek damages for actions undertaken by Rogers in his official capacity).[3]

That leaves Ocampo's claims against Rogers in his personal capacity, as well as his official capacity claims for prospective injunctive relief. These claims are barred by the *Heck* doctrine. In *Heck*, the Supreme Court held that a convicted person "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489; *accord Savory v. Cannon*, 947 F.3d 409, 417 (7th Cir. 2020). In other words, "a prisoner cannot use § 1983 to challenge the validity of his conviction or to obtain other relief that necessarily implies the conviction's invalidity." *Wilson v. Ill. Dep't of Fin. & Pro. Regul.*, 871 F.3d 509, 512 (7th Cir. 2017). This favorable termination requirement applies to both claims for damages and claims for injunctive relief. *Bell v. Raoul*, 88 F.4th 1231, 1233–34 (7th Cir. 2023). Although Fourth Amendment false-arrest and unlawful search claims do "not necessarily imply the invalidity of a conviction, the *Heck* bar will apply if the plaintiff's allegations are

---

[3] In his response brief, Ocampo argues that his claims against Rogers are not subject to sovereign immunity under *Ex parte Young*, 209 U. S. 123 (1908). (R. 13 at 9, 12.) The *Ex parte Young* exception to sovereign immunity allows private litigants to seek "prospective injunctive relief" from state officials "to prevent a continuing violation of federal law." *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 522 (7th Cir. 2021) (citation omitted). To the extent that Ocampo alleges an official capacity claim for prospective injunctive relief against Rogers, that claim is not subject to sovereign immunity, but, as set forth below, it is barred by *Heck*.

2

inconsistent with guilt." *Johnston v. Devries*, No. 21-2679, 2022 WL 476088, at *2 (7th Cir. Feb. 16, 2022) (citing *Mordi v. Zeigler*, 870 F.3d 703, 708 (7th Cir. 2017)); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997)) (holding that if a plaintiff "makes allegations that are inconsistent with the convictions having been valid, *Heck* kicks in and bars his civil suit.").

Ocampo does not allege that his conviction has been invalidated on direct appeal or by collateral attack; indeed, he admits that an appeal remains pending before the Illinois Appellate Court. (R. 10-2 at 2; R. 14 at 2.) Moreover, Ocampo's allegations are inconsistent with guilt. *Okoro*, 324 F.3d at 490. He alleges that Rogers lacked probable cause to arrest and search him because he sent "no electronic communications . . . that included an obscenity." (R. 1 ¶ 10.) These allegations, if true, necessarily imply that Johnson's conviction is invalid, since his conviction required proof of "using electronic communication" to make "any comment, request, suggestion or proposal which is obscene." 720 ILCS 5/26.5-3(a)(1). In his response brief, Ocampo confirms that his claim is based on the contention that the images he disseminated were not obscene. (R. 13 at 1–8.) Neither the complaint nor the response brief contains additional factual allegations or information to substantiate Ocampo's claims that he was arrested without probable cause or unlawfully searched. (*See generally id.*; R. 1.) Because Ocampo's allegations are inconsistent with guilt, it follows that any § 1983 claims against Rogers based on these allegations are barred by the *Heck* doctrine.

In sum, the Court grants the defendants' motion to dismiss for failure to state a claim in its entirety. Since all of Ocampo's claims are either barred or have been dismissed, the Court does not reach the defendants' arguments regarding collateral estoppel or claim-splitting. (*See* R. 10 at 6–11.) The Court denies Ocampo's motion for a preliminary injunction (R. 14) as moot. *See City of Chi. v. Shalala*, 189 F.3d 598, 602 (7th Cir. 1999); *Naperville Smart Meter Awareness v. City of Naperville*, No. 11 C 9299, 2013 WL 1196580, at *14 (N.D. Ill. Mar. 22, 2013).

Date: May 23, 2024

JEREMY C. DANIEL
United States District Judge

3